UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


TERRENCE HAWKINS (#23097045)

VERSUS                                    CIVIL ACTION

UNITED STATES OF AMERICA, ET AL           NUMBER 13-28-JJB-SCR

### RULING and ORDER

This matter is before the court on petitioner's Motion to Quash Attest Warrent Federal which shall be treated as a Petition For a Writ of Habeas Corpus Under 28 U.S.C. § 2241.

Petitioner, Terrence Hawkins, currently detained at the Leavenworth Detention Center, Leavenworth, Kansas, seeks to challenge the constitutionality of his detention while he awaits trial in *United States v. Hawkins*, No. 2:11-cr-04016-BCW-1 (W.D. Mo. filed April 21, 2011) (hereinafter "*Hawkins*"). Petitioner has not paid the filing fee, and for the purpose of preliminary review, it is **ORDERED** that Petitioner is **GRANTED** *in forma pauperis* status.

Petitioner, represented by counsel, is awaiting trial in the United States District Court for the Western District of Missouri on two counts of unlawfully transporting firearms. *Hawkins*. Since September 2011, the petitioner has filed in his criminal case several *pro se* motions/notices seeking the dismissal of the indictment against him. The motions have been denied.

Petitioner has filed motions to dismiss his pending Missouri

indictment in federal courts in numerous jurisdictions, including the Middle District of Louisiana.

A petition for habeas corpus filed under § 2241 must be filed in the district with jurisdiction over the prisoner or his custodian. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition. *Lee v. Wetzel*, 244 F.3d 370 (5th Cir. 2001). This court does not have jurisdiction over this claim because the petitioner is not incarcerated in this district.

Accordingly,

Petitioner Terrence Hawkins' Motion to Quash Attest Warrent Federal, treated as a Petition For a Writ of Habeas Corpus Under 28 U.S.C. § 2241, shall be dismissed for lack of subject matter jurisdiction.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, January _15th_, 2013.

_____
JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

2